1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALYCE M. CANNONIER,                    No.  2:13-cv-2382-KJN

12                 Plaintiff,

13          v.                              ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                   Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security

19   ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI")

20   under Title XVI of the Social Security Act ("Act").[1]  In her motion for summary judgment,

21   plaintiff principally contends that the Commissioner erred by finding that plaintiff was not

22   disabled from September 21, 2010, the date that plaintiff's SSI application was filed, through the

23   date of the ALJ's decision.  (ECF No. 16.)  The Commissioner filed an opposition to plaintiff's

24   motion and a cross-motion for summary judgment.  (ECF No. 17.)  Thereafter, plaintiff filed a

25   reply brief.  (ECF No. 18.)

26   _____

27   [1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and
     both parties voluntarily consented to proceed before a United States Magistrate Judge for all
28   purposes.  (ECF Nos. 9, 10.)

                                                    1

1    For the reasons discussed below, the court DENIES plaintiff's motion for summary

2 judgment, GRANTS the Commissioner's cross-motion for summary judgment, and enters

3 judgment for the Commissioner.

4 I.    BACKGROUND

5    Plaintiff was born on September 10, 1989, has at least a high school education, is able to

6 communicate in English, and previously worked primarily as a cashier.[2]  (Administrative

7 Transcript ("AT") 41-42, 54, 58, 73.)  On September 21, 2010, at the age of 21, plaintiff applied

8 for SSI, alleging that her disability began on November 11, 2008, and that she was disabled

9 primarily due to bipolar disorder, manic depression, psychotic disorder, and suicidal tendencies.

10 (AT 17, 149, 173.)[3]  On January 20, 2011, the Commissioner determined that plaintiff was not

11 disabled.  (AT 17, 76-80.)  Upon plaintiff's request for reconsideration, that determination was

12 affirmed on June 27, 2011.  (AT 17, 85-89.)  Thereafter, plaintiff requested a hearing before an

13 administrative law judge ("ALJ"), which took place on July 12, 2012, and at which plaintiff,

14 represented by a non-attorney representative, and a vocational expert ("VE") testified.  (AT 17,

15 35-57.)

16    In a decision dated August 31, 2012, the ALJ determined that plaintiff had not been under

17 a disability, as defined in the Act, from September 21, 2010, the date that plaintiff's SSI

18 application was filed, through the date of the ALJ's decision.  (AT 17-26.)  The ALJ's decision

19 became the final decision of the Commissioner when the Appeals Council denied plaintiff's

20 request for review on September 16, 2013.  (AT 4-7.)  Thereafter, plaintiff filed this action in

21 federal district court on November 15, 2013, to obtain judicial review of the Commissioner's final

22 decision.  (ECF No. 1.)

23

24 [2] Because the parties are familiar with the factual background of this case, including plaintiff's
25 mental health history, the court does not exhaustively relate those facts in this order.  The facts
related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to
26 the issues presented by the parties' respective motions.

27 [3] Regardless of the alleged disability onset date, SSI is not payable prior to the month following
the month in which the application was filed.  20 C.F.R. § 416.335.
28

II.      ISSUES PRESENTED

Plaintiff has raised the following issues: (1) whether the ALJ improperly discounted the opinion of a state agency psychologist; and (2) whether the ALJ erroneously determined at step four that plaintiff was capable of performing past relevant work as a cashier.[4]

III.     LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.      DISCUSSION

A.       Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[5]  At the first step, the ALJ concluded that plaintiff had not

---

[4] Plaintiff's briefing raised these issues in reverse order.

[5] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520,  404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

3

engaged in substantial gainful activity since September 21, 2010, the date that plaintiff's SSI application was filed.  (AT 19.)  At step two, the ALJ found that plaintiff had the following severe impairments: bipolar disorder, borderline personality disorder, and post-partum depression.  (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AT 20.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she has no limited [sic] in the ability to accept, understand, remember, and carry out simple job instructions; she could frequently accept, understand, remember, and carry out detailed, but not complex, job instructions; she is able to interact appropriately with the general public, co-workers, and supervisors; she is able to make adjustments to workplace changes; and she is able to make workplace decisions.

(AT 22.)

////

---

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4

1    At step four, the ALJ found that plaintiff was capable of performing past relevant work as

2  a cashier, as she actually performed that work.  (AT 25.)  In the alternative, at step five, the ALJ

3  determined, based on the Grids, that, considering plaintiff's age, education, work experience, and

4  RFC, there were jobs that existed in significant numbers in the national economy that plaintiff

5  could perform.  (AT 25-26.)

6    Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined

7  in the Act, from September 21, 2010, the date that plaintiff's SSI application was filed, through

8  the date of the ALJ's decision.  (AT 26.)

9    B.    Plaintiff's Substantive Challenges to the Commissioner's Determinations

10    1.  Whether the ALJ improperly discounted the opinion of a state agency psychologist

11    Plaintiff contends that the ALJ improperly discounted the opinion of state agency

12  psychologist, Dr. Alan Goldberg.  On January 19, 2011, Dr. Goldberg reviewed plaintiff's

13  records, assessed various moderate mental limitations, and opined that plaintiff:

14    appears to be capable of performing simple, structured, unskilled
     work in settings with reduced social demands.  She can understand,
15    remember, carry out simple instructions.  She can make simple
     work related decisions.  She can get along with others well enough
16    to participate in the workplace.  She will do best in settings with
     minimal changes in work demands from day to day.
17

18  (AT 492-94.)  Thus, Dr. Goldberg essentially limited plaintiff to simple, repetitive tasks with

19  reduced social demands.

20    The ALJ's RFC does not differ greatly from Dr. Goldberg's assessment.  Nevertheless,

21  even assuming, without deciding, that the ALJ erred in not adopting Dr. Goldberg's opinion in

22  full, such error was harmless, because application of the Commissioner's Medical-Vocational

23  Guidelines, or "Grids," indicates that there were a significant number of jobs in the national

24  economy that plaintiff could perform despite such limitations.  Molina v. Astrue, 674 F.3d 1104,

25  1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is

26  harmless").

27    The "Grids" take administrative notice of the numbers of unskilled jobs that exist

28  throughout the national economy at various functional levels.  20 C.F.R. Part 404, Subpart P,

5

1    Appendix 2, § 200.00(b).  "The ALJ can use the grids without vocational expert testimony when a

2    non-exertional limitation is alleged because the grids provide for the evaluation of claimants

3    asserting both exertional and non-exertional limitations.  But the grids are inapplicable when a

4    claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range

5    of work permitted by the claimant's exertional limitations."  Hoopai v. Astrue, 499 F.3d 1071,

6    1075 (9th Cir. 2007).

7          In this case, the ALJ found that plaintiff had no exertional limitations and could perform

8    work across all exertional levels, a finding that plaintiff does not challenge here.  Additionally,

9    the non-exertional limitations assessed by Dr. Goldberg—which amount to simple, repetitive

10   tasks with reduced social demands—are not sufficiently severe so as to significantly limit the

11   range of unskilled work plaintiff could perform across all exertional levels.  See, e.g., Ramsey v.

12   Astrue, 2012 WL 5499900, at **1, 6 (E.D. Cal. Nov. 13, 2012) (ALJ properly relied on Grids

13   when claimant had no exertional limitations, but was limited to simple, repetitive tasks and no

14   more than occasional interaction with the public); Campos v. Astrue, 2012 WL 467985, at **2-3

15   (C.D. Cal. Feb. 14, 2012) (ALJ properly relied on Grids when claimant was limited to light work,

16   no balancing, no work at unprotected heights, no work around dangerous moving machinery,

17   simple repetitive tasks, and only limited contact with the general public); SSR 85-15, at *4

18   (noting that unskilled work ordinarily involves dealing primarily with objects, rather than people).

19   Furthermore, Dr. Goldberg's assessment of moderate mental limitations does not preclude

20   reliance on the Grids, because the Ninth Circuit has already held that moderate mental limitations

21   do not require vocational expert testimony.  Hoopai, 499 F.3d at 1077.

22         Therefore, any error in not fully adopting Dr. Goldberg's opinion was harmless.

23         2.  Whether the ALJ erroneously determined at step four that plaintiff was capable of

24   performing past relevant work as a cashier

25         Plaintiff contends that her prior work as a cashier was not performed at the substantial

26   gainful activity level, and thus could not constitute past relevant work for purposes of step four.

27   However, the court need not reach the merits of that argument, because the ALJ alternatively

28   found at step five that plaintiff was capable of performing other work that existed in significant

1   numbers in the national economy.  As noted above, that finding was supported by the Grids, even

2   with the limitations assessed by Dr. Goldberg.

3   V.        CONCLUSION

4           Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

5           1.  Plaintiff's motion for summary judgment (ECF No. 16) is DENIED.

6           2.  The Commissioner's cross-motion for summary judgment (ECF No. 17) is

7   GRANTED.

8           3.  Judgment is entered for the Commissioner.

9           4.  The Clerk of Court shall close this case.

10          IT IS SO ORDERED.

11  Dated:  February 6, 2015

12

13                                                              KENDALL J. NEWMAN
                                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28